## IN RE W. S. DOLPH.

1. DUE PROCESS OF LAW.—Due process of law in a prosecution for a felony does not necessarily include an indictment by a grand jury.
2. PROSECUTION BY INFORMATION.—A felony may be prosecuted by information where the probable guilt of the accused has been duly ascertained and certified by a previous preliminary examination.
3. INDICTMENTS AND INFORMATIONS, CONCURRENT REMEDIES.—General laws providing for indictments and informations as concurrent remedies for the prosecution of criminal offenses throughout the state, are not unconstitutional when surrounded by proper regulations and safeguards and made applicable to all persons and communities in the state without discrimination.

*Original Application for Habeas Corpus.*

THE cause was heard and determined upon the petition, amended by stipulation, and the demurrer thereto by the attorney general.

For constitutional provisions considered in the opinion, see Const. Colo., art. 2, secs. 8, 23 and 25; art. 6, sec. 28, also Const. U. S., art. 14, sec. 1.

Mr. RALPH TALBOT and Messrs. STIDGER & STIDGER, for petitioner.

Mr. J. H. MAUPIN, Attorney General, and Mr. H. RIDDELL, for the people.

Mr. B. F. MONTGOMERY, *amicus curiæ.*

MR. JUSTICE ELLIOTT delivered the opinion of the court.

The facts as stated in the petition are admitted by the demurrer. Thus it appears that the petitioner, Dolph, was proceeded against for embezzlement, a felony under our law, first, by a preliminary examination before a magistrate by whom he was bound over to appear, etc.; and thereafter in

the district court by information based upon such preliminary proceedings. The preliminary examination was in all respects regular under existing laws, and the proceedings in the district court were in pursuance of the act of April 14, 1891, relating to criminal proceedings by information in courts of record. See Session Laws, 1891, p. 240. Having been convicted and sentenced for said offense, petitioner now seeks a discharge from such conviction by *habeas corpus* on the *sole* ground that the district court did not have jurisdiction *by information* to thus proceed against him.

In behalf of petitioner it is contended that the act of April 14th, *supra*, is unconstitutional, and particularly so when considered in connection with that portion of the act of April 6, 1891, wherein it is provided that grand juries shall not hereafter be drawn, summoned, or required to attend the sitting of any court in any county in this state, unless specially ordered by the court having jurisdiction. Session Laws, p. 253.

The grounds of objection may be stated thus:

1. That a criminal prosecution for a felony by information instead of indictment is not due process of law within the meaning of the constitution of this State or of the United States.

2. That where the criminal procedure of a state allows the prosecution of a criminal offense either by information or indictment as alternative remedies, it is an infringement of the 14th amendment to the national constitution, wherein it provides that no state shall deny to any person within its jurisdiction the equal protection of the laws.

3. That while the grand jury remains a part of our judicial system, thus affording the means of prosecuting criminal offenses by indictment, an act providing for the prosecution of felonies by information, is in violation of our state constitution, wherein it declares that all laws relating to courts shall be general and of uniform operation throughout the state, and that the proceedings and practice of all courts of

the same class or grade, so far as regulated by law, shall be uniform.

Whether a prosecution for a felony *by information* is to be regarded as "due process of law," is by no means a new question. The subject has received the consideration of the highest judicial tribunals of several of our sister states and also of the supreme court of the United States. A brief statement of our views respecting due process of law as a fundamental principle of our jurisprudence, together with an examination of our own constitution and legislative enactments applicable to the facts of the present controversy, will suffice for the determination of the first objection above stated.

No state shall deprive any person of life, liberty or property without due process of law, says the constitution of the United States; and our own constitution contains a like declaration. Due process of law within the meaning of these constitutional provisions undoubtedly includes "law in its regular course of administration through courts of justice;" it also implies that any individual whose life, liberty or property may be affected by any judicial proceeding shall have timely notice thereof and reasonable opportunity to be heard in defense of his rights; but it does not necessarily include an indictment by a grand jury for a felony, even though such prosecution may deprive the accused of his life or liberty. While ancient forms of procedure are not to be lightly set aside or disregarded, modern judicial- utterances as well as modern constitutions and laws evince more regard for substance than for form. *Hurtado v. The People of Cala.*, 110 U. S. 516; *Rowan v. The State*, 30 Wis. 129; *Parrish v. The State*, 18 Neb. 405; *Miller v. The State*, 29 Neb. 437; Cooley Const. Lim., 5th ed., p. 436.

It is true that the procuring of an indictment through the intervention of a grand jury has been considered an important check upon hasty, ill-advised and malicious criminal prosecutions, and so a corresponding protection to individual rights. But when we consider that the investigation by a grand jury is wholly *ex parte*, and in secret, it may well

be doubted whether it affords any better security to the individual than an open accusation followed by a preliminary examination before a magistrate. *In re Losasso*, 15 Colo. 170.

The proceeding known as a "preliminary examination" under the laws of this state is well understood. It is a proceeding before a regularly constituted court or judicial magistrate in which the accused has the right to be present and hear all the witnesses, participate in their examination, and be heard also in his own behalf. He is also entitled to a change of venue upon a proper showing without costs. 1 Mills' Ann. Stats., sec. 1484; 2 Id. secs. 2780, 2781.

The preliminary examination being concluded, the magistrate is required to find and openly certify his decision as to the probable guilt or innocence of the accused. If the finding be against the accused, the law requires that he shall be bound over or committed to appear and answer before the court having jurisdiction to try and determine the offense; and at the next term of such court he may be proceeded against for such offense by information in the same manner as if indicted by a grand jury. Such are the requirements of our law. Such are the safeguards for the protection of persons accused of crime by the provisions of the act under consideration. All these requirements having been observed in the petitioner's case, the objection that he has been deprived of his liberty without due process of law is not, in our judgment, sustained.

Whether an information filed in a case where the accused had not been previously bound over or committed upon a preliminary examination should be regarded as due process of law, is a question which need not now be determined, since the provisions of the statute applicable to the present controversy are distinct and separate from those providing for informations in other cases. Cooley Const. Lim., p. 178.

The second and third objections urged by counsel for petitioner may be considered together. The constitution of this state expressly authorizes the legislature to " change, regu-

late or abolish the grand jury system." Neither of the acts under consideration attempts to abolish the grand jury as a system; but, taken together, they were obviously intended to change or regulate the system of instituting criminal prosecutions in courts of record by substituting informations as the ordinary mode of procedure in the place of indictments. It was clearly intended that indictments by the grand jury might be dispensed with, unless in the judgment of the court having criminal jurisdiction in any county it should be considered necessary or proper at any time to empanel a grand jury to make inquiry and presentment concerning the commission of criminal offenses. *Kennegar v. The State*, 120 Ind. 176; *People v. Carlton*, 57 Cal. 559.

The acts of April 6th and April 14th, *supra*, are general both in form and substance. They are of uniform operation throughout the state. They do not in any manner discriminate in favor of, nor against any individual, class of individuals, or community of individuals who may be affected by their operation. They do not deny to any person within the jurisdiction of the state, nor to any county in the state, the equal protection of the laws. Any one who may commit, or who may be charged with committing any criminal offense in any county in the state, whatever his status or condition in life, may be held amenable to criminal prosecution under these acts without discrimination.

No constitutional provision has been cited forbidding indictments and informations as concurrent remedies when surrounded by proper regulations and safeguards. So far as the legislation applicable to the case under consideration is concerned, neither the prosecuting attorney nor any other officer is authorized to exercise an arbitrary discretion in the matter of instituting criminal prosecutions. The two systems of criminal procedure have been maintained in other states; and no sufficient reason has been advanced to justify us in holding unconstitutional the legislation authorizing their retention in this state.

In the case of *Parker v. The People*, 13 Colo. 155, ques-

tions of this kind were somewhat considered. Certainly nothing in the opinion in that case is contrary to the views here expressed. But the opinion in *In re Lowrie*, 8 Colo. 499, is much relied on in support of the petitioner's application.

In the *Lowrie Case* only a single point was decided. The controversy arose as follows: Criminal courts had been established in only three counties of the state. These courts were given jurisdiction concurrent with the district courts of said counties in all criminal cases not capital. But it was provided that no grand jury should be summoned or empaneled in such criminal courts, and that all prosecutions originally commenced therein should be by information. At the same time prosecutions for felony in the district courts throughout the state were required to be by indictment. Under these circumstances the criminal court procedure was held to be special legislation calculated to deny to certain persons and to certain counties in the state the equal protection of the laws, and hence, obnoxious to constitutional guarantees. The question considered in the *Lowrie Case*, under the criminal court act of 1883, is clearly distinguishable from the question now under consideration, and the language of the opinion in that case must be understood accordingly.

In our opinion none of the objections urged against the constitutionality of the acts under consideration are sufficient to warrant us in declaring them or either of them unconstitutional so far as they are applicable to the present controversy. The writ of *habeas corpus* is accordingly dismissed and the petitioner remanded.

*Writ dismissed.*


Mr. Justice Hayt, being absent, did not participate in the consideration of the case.