## NOBLE v. THE PEOPLE.

1. INFORMATION—AFFIDAVIT.

It is essential in all prosecutions in which a preliminary examination has not been had or waived that the affidavit made as a basis for the information set out the offense.

2. PRELIMINARY EXAMINATION.

A preliminary examination is not a prerequisite to a prosecution by information.

3. APPELLATE PRACTICE—EXCEPTIONS.

Assignments of error predicated upon the giving or refusing instructions, to which no objections or exceptions were reserved, will not be considered.

4. ACCESSORIES.

An accessory during the fact may be charged in the information as having done the act himself, and be tried and punished as principal.

5. MURDER.

A homicide committed in attempt to perpetrate a robbery is murder of the first degree.

*Error to the District Court of Las Animas County.*

Mr. S. S. WALLACE and Mr. A. P. ANDERSON, for plaintiff in error.

THE ATTORNEY GENERAL, Mr. CALVIN E. REED and Mr. GEO. H. THORNE, for the People.

MR. JUSTICE GODDARD delivered the opinion of the court.

Albert Noble, William Holt and Deonicio Romero were, on December 4, 1895, jointly charged by information with the crime of murder of the first degree. On his application Noble was granted a separate trial, which resulted in a conviction and sentence of death. It appears from the record proper, as certified, that it contains only such of the proceedings as were specifically ordered by his counsel, and omits the original information and affidavit and all proceedings prior to January 13, 1896. From this record it appears

that by leave of court an amended information, verified by the district attorney on information and belief, and also the following affidavit, were filed on that day:

"STATE OF COLORADO, ⎫ ss.
"COUNTY OF LAS ANIMAS ⎰

"Fred J. Radford, a credible person of lawful age, being first duly sworn according to law, upon his oath deposes and says: That he is a resident of said county and state; the facts stated in the foregoing information are true and the offense therein charged was committed of his own personal knowledge.

"FRED J. RADFORD.

"Subscribed and sworn to before me this 14th day of January, A. D. 1896.

[SEAL]        "D. W. STONE.
"Clerk of the District Court of
Las Animas County, Colorado."

A motion to quash this information upon the ground, first, that the same was not properly verified; second, because no preliminary examination had been had or waived, was denied on January 14, 1896.

In support of the error assigned upon this ruling it is urged that the verification by the district attorney on information and belief was not in conformity with the law, and that the affidavit of Radford was insufficient for two reasons: First, because it was made after the filing of the amended information, and "failed to set out the offense;" second, that not being present at the alleged homicide, he could not swear to the commission of the offense from personal knowledge. The record discloses that the affidavit of Radford was filed on January 13, 1896, and presumably with the amended information, notwithstanding the jurat is dated the 14th, and is in conformity with section 2 of the information act as amended in 1893, which provides:

"In all cases in which the defendant has not had or waived a preliminary examination, there shall be filed with the infor-

mation the affidavit of some credible person verifying the information upon the personal knowledge of affiant that the offense was committed."·

Counsel, in a very able and elaborate argument, demonstrates that this affidavit does not conform to the requirements of section 3 of the act, in that it fails to set forth the offense; and, further, that section 2 of the act of 1893 repeals section 4 of the act of 1891; and that the only authority for any affidavit by a witness to the information is found in sections 1 and 3 of the act as amended. But we are at a loss to see the pertinency of this discussion, since the affidavit provided for the verification of an information is not required to set out the offense, as is essential in the affidavit provided in section 3; which, as a prerequisite to a prosecution by information where a preliminary examination has not been had or waived, must, in conformity with section 7, article 2 of our bill of rights, show probable cause. The record being silent, we must presume that the original information was filed upon such an affidavit, and the plaintiff in error, at the time of the filing of the amended information, was in custody by virtue of lawful process issued thereon. The affidavit challenged (verifying this information), if necessary at all, is made so by reason of section 2 of the information act, and not because of any constitutional requirement.

The competency of Radford to make the affidavit is not open to challenge in this manner. *Holt and Romero v. The People*, *ante*, p. 1. The second ground of the motion to quash is equally without merit. Our information act provides two modes of procedure. Section 3 of the act of 1893 provides:

" An information may be filed against any person for any offense when such person has had a preliminary examination as provided by law. * * * But if a preliminary examination has not been had * * * the district attorney may, upon affidavit of any person who has knowledge of the commission of an offense and who is a competent witness to testify in

the case, setting forth the offense and the name of the person or persons charged with the commission thereof * * * by leave of court first had, file an information, and process shall forthwith issue thereon."

By virtue of this provision informations may be filed either upon a preliminary examination being had or waived, or by leave of court, upon filing the affidavit therein provided. This affidavit is made essential in case a preliminary examina· tion has not been had, in order to comply with the requirements of section 7, article 2 of our bill of rights, which provides:

" No warrant to search any place or seize any person * * * shall issue without describing the * * * person * * * to be seized, * * * nor without probable cause, supported by oath or affirmation, reduced to writing."

But for this provision, the legislature might authorize prosecutions by information, without any preliminary showing of probable cause, either upon examination or by affidavit. The question as to whether a preliminary examination is an essential prerequisite to a prosecution by information was before us for consideration in a recent case, and it was there held that such an examination was not necessary ; and that a prosecution by information, based upon an affidavit in conformity with the requirements of section 3 of our information act, was due process of law, and in no way violates any of the constitutional rights of the accused. *Holt and Romero v. The People, supra,* and cases there cited. The objections here urged against the form and sufficiency of the information were also considered in that case, and determined adversely to the contention of counsel for plaintiff in error. The errors assigned upon the giving and refusing of instructions are not properly before us for consideration, no objection or exception having been reserved ; but upon a careful reading of the evidence introduced, we think the court fully and fairly gave the law applicable to the facts disclosed thereby. While some of the instructions asked by plaintiff in error, and refused, might well have been given as correct

abstract propositions of law, yet we think the principles therein enunciated were covered by those given.  The criticism of the manner in which the offense is charged in the information, in that it charges all of the defendants as principals, is answered by section 1168 of Mills' Annotated Statutes, which expressly provides that an accessory during the fact shall be deemed and considered as a principal, and punished accordingly.  In the case of *Spies et al. v. The People*, 122 Ill. 101, a similar statute was under consideration, and in answer to the objection here urged the court say:

" This statute abolishes the distinction between accessories before the fact and principals; by it all accessories before the fact are made principals.  As the acts of the principal are thus made the acts of the accessory, the latter may be charged as having done the acts himself, and may be indicted and punished accordingly."

The evidence was sufficient to show a concerted action between Holt, Romero and the plaintiff in error, which would constitute them principals in the commission of the offense under the foregoing provision, and was clearly sufficient, in our opinion, to show that while attempting to carry out a common purpose to commit a robbery, the homicide was committed; and the jury were warranted in finding each guilty of murder of the first decree.

A careful examination of the record fails to disclose any error that would justify our interfering with the verdict. The sentence and judgment of the district court will therefore be affirmed, and an order will be entered of record appointing and designating the calendar week commencing June 21, 1896, as the week for carrying the judgment of the district court into effect.

*Affirmed.*