No. 22674.

SEFERINO VALDEZ AND JOSE ALFREDO VALDEZ *v.* THE
PEOPLE OF THE STATE OF COLORADO.
(446 P.2d 423)

Decided October 28, 1968.     Rehearing denied November 18, 1968.

CHARLES S. VIGIL, for plaintiffs in error.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY,
Deputy, JOHN P. MOORE, Assistant, for defendant in error.

*In Department.*

Opinion by MR. CHIEF JUSTICE MOORE.

AN affray took place near a dance hall in Montrose
County, Colorado, on August 29, 1965, which resulted

in the filing of two criminal cases. In one information Seferino Valdez was accused of felonious assault with a deadly weapon, namely handcuffs, with intent to commit bodily injury upon the person of Leonard C. Brown under circumstances "showing an abandoned and malignant heart in him, the said Seferino Valdez * * *." In the second action Jose Alfredo Valdez was named defendant in an information accusing him also of felonious assault with a deadly weapon except that the alleged deadly weapon used was a flashlight, and the person upon whom the assault was allegedly made was Ronald L. Burch.

The defendant in each case was represented by the same attorney and upon his motion the two cases were consolidated and tried before the same jury. Each defendant was found guilty of simple assault and judgments were entered on the verdicts of guilty.

Appearing in this court by counsel who did not represent them at the trial the defendants seek reversal of the judgments on the following assertions of error:

"There was no lawful arrest in the inception and everything that took place afterwards was tainted with the same denial of constitutional rights. The Valdez brothers had violated no law and were not subject to arrest.

"No offense under the law in Colorado was charged since the vital portion was ignored, namely, the words: 'where no considerable provocation appeared.' Since the whole defense was based on the fact of great provocation and no intent to commit any offense.

"In the jury panel there was only one Spanish named person when at least 15% of the population of Montrose County is Spanish named. This is a denial of constitutional rights continuing throughout the case.

"Last, the verdicts were joint and combined verdicts providing for a cross mark on one degree of an offense or not guilty. It cried out for compromise. It was confusing, confounded by more confusion in the jury instructions. The instructions should not have been given

under one charge as laid — and if so given, they should have fitted the situations exactly."

Nothing contained in the motion for a new trial directed the attention of the trial court to any of the matters argued here as grounds for reversal of the judgment.

At the trial of the action counsel for defendants examined the verdicts and made no objection to the form thereof. Furthermore, the record contains a statement from defendants' counsel that no objections to the instructions were made.

We deem it unnecessary to say more about the facts other than that a disturbance of serious proportions was in progress near the dance hall; police officers were called to suppress the disorder and sought to place the defendants under arrest; the defendants resisted violently and three police officers were knocked unconscious. All controverted questions of fact were resolved by the jury under instructions to which no objection was made.

■■ The matters argued in this court are not properly before us because they were not contained in the motion for a new trial. See *Brown v. People,* 158 Colo. 561, 408 P.2d 981. We have read and reviewed the entire record in the instant case. Even if the points here argued had been presented to the trial court they are still without merit. We see no reason to depart from the oft-repeated rule that arguments not pointed out with particularity in the motion for a new trial will not be considered by this court except under unusual circumstances, none of which are present in this case. There is ample evidence to justify the verdicts returned by the jury.

The judgments are affirmed.

MR. JUSTICE MCWILLIAMS and MR. JUSTICE GROVES concur.