No. 25104.

THE PEOPLE OF THE STATE OF COLORADO *v.*
LESTER PAUL FELTCH.
(483 P.2d 1335)

Decided April 26, 1971.

DAVID L. WOOD, District Attorney, L. DUANA WOODWARD, Deputy, for plaintiff-appellee.

ROLLIE R. ROGERS, State Public Defender, EDWIN L. FELTER, JR., Deputy, DON L. NELSON, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

THIS interlocutory appeal questions the arrest of Lester Paul Feltch and his subsequent search, together with the seizure of certain marijuana debris and a coat which he was wearing. A motion to suppress was duly made in the District Court. Following a hearing, the arrest was upheld, and the search and seizure were held to be incident to a lawful arrest. Under the provisions of C.A.R. 4.1, the defendant appeals.

The only issue here is whether the officers had probable cause to arrest the defendant. The facts which we are asked to consider as providing probable cause for the arrest come from a telephone call by an unidentified and unknown female informant. On October 25, 1970, Officer James Kyle of the Fort Collins, Colorado, Police Department responded to this call from the unidentified female informant who complained to the police dispatcher that she had heard loud, obscene language and had smelled the odor of marijuana coming from the area of St. Luke's Episcopal Church in Fort Collins. Officer Kyle went to the scene and found one group of people playing football in a nearby field and saw approximately nine juveniles attired in "hippy costumes, accentuated by long hair," gathered in a group on the church lawn. As Kyle and another police officer approached the group on the lawn, the group dispersed, and four juveniles, not including the defendant Feltch, entered the church. Officer Kyle followed the juveniles into the church and noted that one juvenile attempted to dispose of what appeared to be a narcotic drug. This person was promptly put under arrest, and the seizure of narcotics from him is not contested. Immediately thereafter, all of the remaining juveniles that comprised the original group were arrested and searched. At the suppression hearing, Officer Kyle stated that the arrests were based upon his conclusion that "hippies" were more likely to possess narcotics than other members of the public. Officer Kyle pointed out that since one member of the group had narcotics, there was a good possi-

386

bility that the rest of the group might be hiding narcotic drugs on their persons. He said that his training caused him to arrest the entire group, because if he didn't, the group might help a suspect divest himself of narcotics which the group had in its possession.

■■■ The substance of all definitions of probable cause is a reasonable ground for belief of guilt. The United States Supreme Court, when confronted with the problem of probable cause in *Draper v. United States*, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959), reiterated some of its earlier statements on the subject:

" 'In dealing with probable cause, . . . as the very name implies, we deal with probabilities. These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act.' *Brinegar v. United States, supra,* at 175. 'Probable cause exists where the facts and circumstances within [the arresting officers'] knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed.' *Carroll v. United States,* 267 U.S. 132, 162."

This Court has also discussed the meaning of probable cause on numerous occasions. See, for example, *People v. Brethauer,* 174 Colo. 29, 482 P.2d 369; *People v. Nelson,* 172 Colo. 456, 474 P.2d 158 (1970); *Falgout v. People,* 170 Colo. 32, 459 P.2d 572 (1969); *Martinez v. People,* 168 Colo. 314, 451 P.2d 293 (1969); *Lavato v. People,* 159 Colo. 223, 411 P.2d 328 (1966); *Gonzales v. People,* 156 Colo. 252, 398 P.2d 236 (1965), *cert. den.,* 381 U.S. 945, 85 S.Ct. 1788, 14 L.Ed.2d 709 (1965).

■■■ The burden of proving the existence of probable cause for an arrest without a warrant is on the prosecution. *People v. Valdez,* 173 Colo. 410, 480 P.2d 574 (1971). Here, the basic issue is whether the furtive acts of one of this hippy group, which was apparently together for

an utterly innocent reason, gives the officer cause to arrest the whole group. The implications of this are crucial in this urbanized age where anyone could be exposed to the action of the police if one of a group is carrying contraband. Note the results here: Out of the nine in the group, one was apparently suspected of carrying contraband; therefore, eight persons are arrested on what is purported to be probable cause, yet only one of the eight was found with anything, and this turned out to be scrapings from the pocket of a coat which was not even owned by the defendant.

 This mass arrest, based upon the theory that birds of a feather flock together, cannot be sustained. *Gallegos v. People,* 157 Colo. 173, 401 P.2d 613 (1965); *Henry v. United States,* 361 U.S. 98, 80 S.Ct. 168, 4 L.Ed.2d 134 (1959); and *United States v. Di Re,* 332 U.S. 581, 68 S.Ct. 222, 92 L.Ed. 210 (1948). Guilt by association has never been an acceptable rationale and it does not constitute probable cause to arrest. *Sibron v. New York,* 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968); *Reece v. Commonwealth,* 437 Pa. 422, 263 A.2d 463 (1970).

 Certainly, it cannot be contended that the uncorroborated accusation by the unidentified informant provided probable cause. *Holbrook v. United States,* 406 F.2d 44 (10th Cir. 1969). Nor was anything done after the officers arrived on the scene that could justify this arrest which resulted from the vaguest of suspicion. In *People v. Nelson,* 172 Colo. 456, 474 P.2d 158 (1970), this Court, in holding that the arrest was upon vague suspicion and not upon probable cause, stated that the arrest of the defendant could only be justified by the information available to the officer immediately prior to the arrest, and that the discovery of contraband on the person of one who is unlawfully arrested does not validate an arrest. This Court observed that the officer had no knowledge of a crime having been committed by anyone resembling the defendant, and neither of the officers had seen the defendant at any time previous to

the time of arrest, nor did they have any derogatory information of any nature in reference to the defendant. This Court stated:

"The arrest of the defendant was 'unreasonable' when tested by the need to arrest under the exigencies of the situation against the invasion of privacy which the arrest entailed."

We hold that totality of the circumstances which the officers looked to in making their arrests did not provide probable cause to justify the arrest, or the subsequent search.

Accordingly, we reverse the ruling of the District Court and direct that it order the evidence seized from Lester Paul Feltch be suppressed.