23CA0002 Peo v Peschong 03-19-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 23CA0002
El Paso County District Court No. 18CR801
Honorable Samuel Evig, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Patrick Peschong,

Defendant-Appellant.

---

JUDGMENT VACATED

Division V
Opinion by JUDGE TOW
Welling and Lipinsky, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced March 19, 2026

---

Philip J. Weiser, Attorney General, Alejandro Sorg Gonzalez, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

McClintock Criminal Defense, P.C., Theodore P. McClintock, Colorado Springs, Colorado, for Defendant-Appellant

¶ 1      Defendant, Patrick Peschong, appeals the judgment of conviction entered on a jury verdict finding him guilty of possession with intent to manufacture or distribute a controlled substance, distribution of a controlled substance, and possession of a controlled substance.  We vacate the judgment.

## I.      Background

¶ 2      At trial, the prosecution introduced the following evidence.

¶ 3      Peschong was a passenger in a car that was pulled over during a routine traffic stop at 1:40 a.m. on a cold winter night.  Police arrested the driver, Dakota Willmann, because he did not have a valid driver's license and was unable to provide proof of ownership of the vehicle.  Police also arrested the front seat passenger, Leigha Vanhuss, who had multiple outstanding warrants, but they did not detain Peschong — who had been sitting in the backseat behind Vanhuss — or the other backseat passenger.  The police refused Peschong's offer to drive the vehicle away from the scene.  Peschong then left on foot.

¶ 4      When police searched the vehicle, they found three grams of packaged methamphetamine under the driver's seat and 144 grams of packaged methamphetamine in an opaque black zippered bag —

which the People described as a "lunch pail" (the bag) — on the floor of the car's backseat, near where Peschong's feet would have been while he was seated in the car.

¶ 5       The prosecution charged Peschong with possession with intent to manufacture or distribute a controlled substance, distribution of a controlled substance, and possession of a controlled substance (simple possession).[1]  (We refer to the first and third charges collectively as "the possession charges" and the second charge as "the distribution charge.")  A jury convicted Peschong of all three counts.  The court merged Peschong's convictions for the distribution and the simple possession counts into his conviction for possession with the intent to distribute and sentenced him to twelve years in the custody of the Department of Corrections.

## II.     Sufficiency of the Evidence

¶ 6       Peschong appeals, contending, among other things, that the prosecution failed to present sufficient evidence that he possessed or distributed the drugs.  Because we agree, and thus vacate the convictions, we need not reach his other contentions.

---

[1] The prosecution also brought, and subsequently dismissed, four habitual offender counts.

A.    Standard of Review and Applicable Law

¶ 7    "We review de novo whether the prosecution presented sufficient evidence to sustain a conviction." *Gorostieta v. People*, 2022 CO 41, ¶ 16.  In doing so, we apply the substantial evidence test, in which "we ask whether the evidence, 'viewed as a whole and in the light most favorable to the prosecution, is substantial and sufficient to support a conclusion by a reasonable mind that the defendant is guilty of the charge beyond a reasonable doubt.'" *Id.* (quoting *People v. Harrison*, 2020 CO 57, ¶ 32).  "The substantial evidence test affords the same status to both direct and circumstantial evidence." *People v. Bennett*, 515 P.2d 466, 469 (Colo. 1973).

¶ 8    We are to afford the prosecution "the benefit of every reasonable inference which might be fairly drawn from the evidence." *Gorostieta*, ¶ 17 (quoting *Harrison*, ¶ 32).  But such inferences "must be supported by a 'logical and convincing connection between the facts established and the conclusion inferred.'" *People v. Donald*, 2020 CO 24, ¶ 19 (quoting *People v. Perez*, 2016 CO 12, ¶ 25).  And "verdict[s] cannot be supported by

3

guessing, speculation, conjecture, or a mere modicum of relevant evidence." *Id.* (quoting *Perez*, ¶ 25).

¶ 9 Generally, "the prosecution is provided with one fair opportunity to present evidence sufficient to sustain a conviction." *People v. Miralda*, 981 P.2d 676, 680 (Colo. App. 1999). Consequently, unless some action by the defense or ruling by the court prevented the prosecution from presenting evidence, vacatur of a conviction due to insufficiency of the evidence bars retrial of the defendant on the charges. *Id.*

¶ 10 "[I]t is unlawful for any person knowingly to manufacture, dispense, sell, or distribute, or to possess with intent to manufacture, dispense, sell, or distribute, a controlled substance . . . ." § 18-18-405(1), C.R.S. 2025. And it is separately "unlawful for a person knowingly to possess a controlled substance." § 18-18-403.5(1), C.R.S. 2025.

## B. Knowing Possession

¶ 11 The possession charges required proof that Peschong knowingly possessed the methamphetamine. Peschong argues that the only evidence the prosecution presented to support the possession charges was his proximity to the bag containing 144

4

grams of methamphetamine. He contends that this proximity alone is insufficient to prove the possession charges beyond a reasonable doubt. We agree.

¶ 12　"Mere presence without another additional link in the evidence will not sustain a conviction for possession." *Feltes v. People*, 498 P.2d 1128, 1132 (Colo. 1972). Put another way, "where a person is not in exclusive possession of the premises in which drugs are found, such an inference [of knowing possession] may not be drawn 'unless there are statements or other circumstances tending to buttress the inference.'" *People v. Yeadon*, 2018 COA 104, ¶ 26 (quoting *People v. Stark*, 691 P.2d 334, 339 (Colo. 1984)), *aff'd*, 2020 CO 38.

¶ 13　The People counter that the fact that the bag was found near where Peschong's feet would have been in the car was alone sufficient to warrant an inference that he knowingly possessed the methamphetamine inside the bag. Moreover, the People argue that additional circumstantial evidence supported Peschong's conviction, such as

- the fact that drug dealers normally keep their drugs close to them;

5

- the high street value of the methamphetamine;

- the fact that the bag also contained plastic bags, indicating an intent to distribute;

- Peschong's attempt to "regain control of the car"; and

- Peschong being "the only person close to that location [where the bag was found] before the search."[2]

¶ 14    First, we note that the People do not identify where in the record anyone testified that drug dealers normally keep their drugs close to them, and our search for such testimony in the record proved fruitless.  At most, in their briefing related to a different appellate claim, the People direct us to the prosecutor's closing argument where she *argued* this point (again, without identifying any record support for this assertion).

¶ 15    In any event, even if we were to accept this premise despite the lack of supporting testimony, neither that fact nor the second fact on which the People rely in their briefing — the quantity and value of the drugs in the presence of "items associated with drug

---

[2] At oral argument, the People focused their argument on Peschong's actions at the scene, specifically his request to drive the vehicle and then, having been denied that permission, his decision to walk home.

6

sale" — buttresses the People's position. True, those facts are relevant to whether whoever possessed the methamphetamine did so with the intent to distribute it. But they do nothing to inform the question of who possessed the drugs. In particular, they have no bearing on whether *Peschong* possessed them.

¶ 16      The People's third point — Peschong's purported effort to "regain control" of the vehicle — is likewise unpersuasive. To begin with, there is no evidence that Peschong ever exercised control over the vehicle. It is undisputed that he was a backseat passenger, not the driver. Nor did he own the vehicle. In fact, the officers found no indication that Peschong was associated with the vehicle in any way, other than being a passenger in it.

¶ 17      Moreover, the mere fact that Peschong requested permission to drive the vehicle away instead of allowing the police to tow and impound it does not make it more likely that he knowingly possessed the methamphetamine. Indeed, as the prosecutor pointed out in closing argument, it was cold and there was snow on the ground. It would be entirely reasonable for a person in that situation to wish to drive rather than walk. In fact, when the officers informed him the vehicle would be impounded, Peschong

ended up walking away — which the prosecutor argued to the jury somehow demonstrated his consciousness of guilt because, had the drugs not been his, he would have called for a ride share.[3]  In short, any attempt to discern the reason Peschong asked to drive the car away goes beyond reasonable inference and requires speculation. *See Donald*, ¶ 19.

¶ 18    Finally, we reject as unsupported by the evidence the People's claim that Peschong was the only person who had access to the area of the car in which the bag was found.  Notably, the evidence was not entirely clear as to precisely where the bag was found.  One officer testified that the bag was discovered "where Mr. Peschong's feet would have been" or "between Mr. Peschong's feet" (though he ultimately admitted he never actually saw the bag between Peschong's feet because Peschong had gotten out of the car and left the area before the bag was found).  But the officer who actually found the bag during the search testified that it was located "in the

---

[3] We particularly disapprove of the prosecutor's "damned if he did and damned if he didn't" argument.  Moreover, it reflects wholly unsubstantiated presumptions that Peschong could have afforded a ride share, had a ride share account, or possessed a cell phone at the time.

floorboard area next to — *in between* the two rear passenger seats."
(Emphasis added.)[4] Regardless of the bag's specific location on the
floorboard, four people were in the car. Any one of them would
have had access to a bag sitting on the floorboard in the backseat
area.[5]

¶ 19 Cases applying the "more than mere presence" rule, *see Feltes*,
498 P.2d at 1132, have routinely relied on far more compelling
additional circumstances to support the inference necessary to
convict on such charges. For example, in *Yeadon*, the defendant
was convicted of possessing drugs found in the driver's side door of
a vehicle he had been driving when it was involved in a car
accident. A division of this court rejected a claim that the
conviction was based on mere proximity to the place where the
drugs were found in light of evidence that a bag of

---

[4] We recognize that it is for the jury to resolve conflicting testimony.
We note this conflict only to the extent it is relevant to assess the
People's unsubstantiated contention that no other person in the
vehicle had access to the bag.

[5] The People correctly note that the officers testified that no one had
access to the bag *after* Peschong got out of the car. But there was
no evidence that any of the three other occupants of the car lacked
access to the floorboard area of the vehicle's backseat while they
were all riding in the car.

methamphetamine was found in the driver's side door, where it would have been visible to the defendant, a scale was sitting in the front passenger seat of the vehicle, and the defendant fled from the accident scene. *Yeadon*, ¶ 28.

¶ 20    In *People v. Poe*, 2012 COA 166, a division of this court noted that a search of the defendant's apartment revealed drugs in a laptop computer and under a mattress in the bedroom, a scale hanging on the bedroom wall, a pipe visible on top of the toilet tank in the bathroom, and no evidence of any other occupant. *Id.* at ¶¶ 17-18.

¶ 21    And in *People v. Robinson*, 226 P.3d 1145 (Colo. App. 2009), another division rejected a defendant's claim that no evidence connected him to the drugs other than his mere presence as a passenger in a car where drugs were found. The court noted there was evidence that a police informant had arranged a meeting with two other people to purchase a specific amount of cocaine, the defendant was one of two people in the car at the arranged time and place, and the precise amount of cocaine that was arranged to be purchased was found under the defendant's seat. *Id.* at 1154.

¶ 22    Reviewing the record in this case de novo, we can discern no evidence admitted at trial that established anything other than that Peschong was in the car and a closed, opaque bag containing drugs was found on the floor of the backseat near where he had presumably placed his feet.  The drugs could have belonged to any of the three other people in the car.  (We recognize, of course, that possession need not be exclusive; but that argument still presupposes *some* evidence that Peschong possessed the drugs.)  The drugs were not visible, nor were there any scales, empty plastic bags, or other indicia of drug distribution in the open.  Contrary to the People's unsupported invitation to speculate otherwise, there is no evidence that Peschong fled the scene or attempted to abscond with the bag — or, for that matter, any evidence that Peschong ever held, touched, or otherwise interacted with the bag.  Simply put, viewing the evidence in the light most favorable to the People and drawing all reasonable inferences in their favor, as we must, *Gorostieta,* ¶ 17, we conclude that the evidence was insufficient in both quantity and quality to sustain the convictions on the possession charges.  *See McCoy v. People,* 2019 CO 44, ¶ 63.

## C. Distribution of a Controlled Substance

¶ 23 Turning to the distribution charge, we note as an initial matter that both the basis for and resolution of the distribution charge are unclear. To obtain a conviction on a distribution charge, the prosecution must prove that "(1) the defendant, (2) knowingly, (3) distributed, (4) a controlled substance." *People v. Buckner*, 228 P.3d 245, 252 (Colo. App. 2009); § 18-18-405(1)(a). "Distribute" is defined as to "deliver other than by administering or dispensing a controlled substance, with or without remuneration." § 18-18-102(11), C.R.S. 2025.

¶ 24 In the complaint, the prosecution alleged that Peschong "unlawfully, feloniously, and knowingly sold or distributed Methamphetamine, a controlled substance." But the jury instruction on this charge restated the elements of the possession with intent to distribute charge. In other words, the jurors were never instructed that they had to be convinced beyond a reasonable doubt that Peschong *actually distributed* the methamphetamine. Nevertheless, the verdict reflects that the jury found Peschong guilty of "Count No. 2, Distribute a Controlled Substance."

¶ 25    Moreover, during the prosecutor's closing argument, after explaining the possession with intent to distribute charge to the jury, she said, "The second charge is the same. The possession of a controlled substance with the intent to distribute." At no point during her closing did the prosecutor ever assert that Peschong actually distributed methamphetamine or ask the jury to find him guilty of doing so.

¶ 26    During the rebuttal closing, a different prosecutor was only slightly more direct, asking the jury, "Where do you think the front driver got the three grams of meth from?" But that was the prosecutor's only reference to any specific act of distribution. The remainder of his rebuttal closing focused entirely on painting Peschong in general as a drug dealer.

¶ 27    Ultimately, however, we need not attempt to determine how these significant concerns impact the validity of the verdict on the distribution charge. This is because we conclude that, even if the verdict was otherwise valid, it is not supported by sufficient evidence.

¶ 28    As noted, the prosecution's theory, as laid out (for the first time) during the rebuttal closing, was that Peschong was "[a] 58-

year old man in a car with people [who were] decades younger than him," Willmann appeared "disheveled" and possessed three grams of methamphetamine, Vanhuss had other drug paraphernalia, Peschong showed no indicia of using drugs himself, and a large amount of methamphetamine was within his reach.

¶ 29 The prosecution's contention that Peschong must be guilty because he is older than the others and did not appear to use drugs, while Willmann and Vanhuss appeared to be "drug addicts,"[6] is nothing more than a "guilt by association" argument — which

---

[6] At times, it is unclear whether the prosecutor was referring to all three of the vehicle's occupants besides Peschong or only to Willmann and Vanhuss. To the extent that the prosecutor's closing could have referred to all three, we note that the prosecution offered no evidence that the other backseat passenger possessed or used any drugs or paraphernalia, and she was released from the scene. (Notably, like Peschong, in addition to showing no signs of being a drug user, this passenger was also sitting in the backseat near the bag on the floorboard.)

has "never been an acceptable rationale."  *People v. Feltch*, 483 P.2d 1335, 1337 (Colo. 1971).[7]

¶ 30    Most importantly, for the reasons we have already discussed above, *supra* Part II.B, no evidence adduced at trial beyond Peschong's mere proximity to the bag connected him to the 144 grams of methamphetamine.

¶ 31    In short, the prosecution's theory rests not on reasonable inferences but, instead, on leaps of logic, speculation, and conjecture.  *See Donald*, ¶ 19.  Thus, just as the evidence of knowing possession was insufficient to support the conviction on the possession charges, the evidence was equally insufficient to support the conviction on the distribution charge.  *See McCoy*, ¶ 63.

### D.    Retrial

¶ 32    Because there is no indication that any ruling by the court or action by the defense prevented the People from admitting

---

[7] We acknowledge that the issue in *People v. Feltch*, 483 P.2d 1335 (Colo. 1971), was whether there was probable cause rather than whether there was sufficient evidence to support a conviction.  *Id.* at 1335-36.  But if merely being in the presence of someone who has narcotics does not even amount to probable cause, *id.* at 1337, we fail to see how it can clear the much higher burden of proof beyond a reasonable doubt.  *See People v. Hall*, 999 P.2d 207, 221 (Colo. 2000) (discussing the difference in the standards).

15

additional evidence, retrial is prohibited. *See Miralda,* 981 P.2d at 680.

### III.   Disposition

¶ 33    The judgment of conviction is vacated.

JUDGE WELLING and JUDGE LIPINSKY concur.