## No. 26183

### The People of the State of Colorado v. David Earl Branin
(533 P.2d 1138)

Decided April 14, 1975.

236

John P. Moore, Attorney General, John E. Bush, Deputy, Robert C. Lehnert, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, T. Michael Dutton, Deputy, Richard L. Tegtmeier, Deputy, for defendant-appellant.

*In Department.*

Opinion by MR. JUSTICE LEE.

Appellant was convicted of possession of a narcotic drug in violation of C.R.S. 1963, 48-5-2.[1]
We agree with appellant's contention that his arrest and the

---

[1]Now section 12-22-302, C.R.S. 1973.

search and seizure of narcotic drugs from his person were unlawful and we therefore reverse the judgment of conviction.

The evidence relating to appellant's arrest was undisputed. During the evening of January 31, 1973, undercover agents of the Colorado Springs police department purchased narcotic drugs from one Jon Akers in his apartment No. 5302 at 3740 East LaSalle Street in Colorado Springs. The next evening, at approximately 8:05 p.m., the officers returned to the apartment and at this time they bought twenty-two packets of cocaine from Akers. Three other men were present, including Larry Brown. All four men were arrested and taken to headquarters. The apartment was secured while a search warrant was being obtained.

At approximately 9:35 p.m., appellant came to the apartment, knocked on the door, and asked for "Larry." The officers invited him into the apartment, immediately placed him under arrest, and searched him, recovering two tinfoil packets containing heroin. The officers had no previous contacts with appellant, did not know him, and did not have any knowledge relating him to any drug activity with the apartment or its occupants. When asked why appellant was arrested, the officers testified it was for appellant's "coming into that apartment where we knew drugs to be sold." No other reason was advanced to justify the warrantless arrest of appellant.

The trial court denied appellant's motion to suppress from evidence the narcotic drugs which were seized from him at the time of his arrest. The court found the warrantless arrest to be supported by probable cause and that the search of appellant was valid. We disagree with this conclusion.

Under our statute, an officer may make a warrantless arrest of a person when a crime has been or is being committed by such person in the officer's presence, or the officer has probable cause to believe that an offense was committed and probable cause to believe that the offense was committed by the person to be arrested. Section 16-3-102, C.R.S. 1973. Probable cause exists where the facts and circumstances within the officers' knowledge, and of which they have reasonably trustworthy information, are sufficient in themselves to warrant a man of reasonable caution to believe that an offense has been or is being committed. *Ker v. California,* 374 U.S. 23, 83 S.Ct. 1623, 10

L.Ed.2d 726; *Gonzalez v. People,* 156 Colo. 252, 398 P.2d 236.

■ Probable cause may not be predicated on mere suspicion or vague surmise. *People v. Nanes,* 174 Colo. 294, 483 P.2d 958; *People v. Nelson,* 172 Colo. 456, 474 P.2d 158. And, mere association with guilty persons is not an acceptable basis for inferring probable cause. *Sibron v. New York,* 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917; *People v. Henderson,* 175 Colo. 400, 487 P.2d 1108; *People v. Feltch,* 174 Colo. 383, 483 P.2d 1335. As stated in *Sibron, supra:*

"* * * The inference that persons who talk to narcotic addicts are engaged in criminal traffic in narcotics is simply not the sort of reasonable inference required to support an intrusion by the police upon an individual's personal security. * * *"

Here, appellant was a stranger to the police, without any prior involvement in criminal activity or any known relationship to the illegal drug activities which occurred at the apartment. The only justification for his arrest was his acquaintance with Larry Brown. This alone was wholly insufficient to justify the warrantless arrest.

■ The People argue that this case is governed by *People v. Lujan,* 173 Colo. 77, 475 P.2d 700, and by *People v. Collman,* 172 Colo. 238, 471 P.2d 421. We do not agree. The facts and circumstances attending the warrantless arrests in those cases are sufficiently different from those in the instant case to warrant a different disposition in this case. Each case must be determined on its own circumstances. Here, the record is barren of facts sufficient to warrant a finding of probable cause.

■ The People further argue that, even though probable cause did not exist, still, the police were justified in stopping and frisking appellant under the doctrine of *Stone v. People,* 174 Colo. 504, 485 P.2d 495. We do not agree. This was not a *Stone* situation where there was a detention for questioning. Here, the officers did not purport to question appellant. Immediately after he was admitted into the apartment, he was advised that he was under arrest and he was forthwith searched.

■ Nor did the officers attempt to justify the search as one for weapons, permitted under *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889. The search here was not a limited search, but rather a full-fledged exploratory search pursuant to an an-

nounced arrest, which, absent circumstances amounting to probable cause, cannot constitutionally be condoned.

Accordingly, we hold that the court erred in not granting appellant's motion to suppress.

The judgment is reversed and the cause remanded for further proceedings consonant with the views expressed herein.

MR. CHIEF JUSTICE PRINGLE, MR. JUSTICE KELLEY and MR. JUSTICE ERICKSON concur.