## No. 26998

### The People of the State of Colorado v. Elbert Bates

(546 P.2d 491)

Decided February 23, 1976.

Robert L. Russel, District Attorney, David H. Zook, Deputy, for plaintiff-appellant.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Barney Iuppa, Deputy, for defendant-appellee.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

This is an interlocutory appeal by the People from a ruling of the trial court suppressing certain statements made by defendant Bates after he had been arrested and charged with several counts of burglary and theft. We affirm.

The record reveals that within minutes after making a preliminary investigation of the burglary of two Colorado Springs residences the investigating officers received a call from their dispatcher, relating that the parties who had committed the burglaries had returned to the scene of the crime. The officers quickly drove back, in separate patrol cars. One of the officers, upon arriving, observed defendant talking with a man whom the officer knew to be the son-in-law of the owner of one of the burglarized homes. When defendant saw the police car approaching, he ran off, and the officer gave chase, catching him about two blocks away in an alley. Defendant was arrested, searched, and driven to the police station by another officer while the arresting officer interviewed the son-in-law.

At the station, defendant was led into a small private room where he was interviewed by a single officer. He was advised that he was being held for investigation of burglary. Defendant repeatedly said: "I'm not going to talk." Almost immediately, however, after being given his *Miranda* warnings, he said, in the words of the officer, "[H]e'd talk to me." Defendant thereafter made the statements the later suppression of which gives rise to this appeal. There are no allegations that the officer used force, threats, or promises during the questioning. All of the foregoing transactions occurred within a two or two and one-half hour period.

I.

In view of the fact that defendant was arrested without a warrant, the burden devolved upon the People to demonstrate that probable cause existed to effectuate the arrest. *People v. Ware*, 174 Colo. 419, 484 P.2d 103; *People v. Feltch*, 174 Colo. 383, 483 P.2d 1335. We agree with the trial court that the People failed to sustain this burden.

Section 16-3-102(1)(c), C.R.S. 1973, provides that a peace officer may make a warrantless arrest under certain circumstances when he has probable cause to believe that an offense has been committed by the person to be arrested. As we said in *Gonzales v. People*, 156 Colo. 252, 398 P.2d 236, *cert. denied* 381 U.S. 945, 85 S.Ct. 1788, 14 L.Ed.2d 709: "* * * Probable cause exists where the facts and circumstances *within the officers' knowledge*, and of which they had reasonably trustworthy information, are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed. * * * In dealing with probable cause, one deals with probabilities. 'These are not

technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act.' * * *" (Emphasis added.)

*See also People v. Clark*, 173 Colo. 129, 476 P.2d 564; *Scott v. People*, 166 Colo. 432, 444 P.2d 388.

To determine whether these guidelines have been met, courts must decide whether the facts available to the officer at the moment of arrest itself would warrant a man of reasonable caution in believing both that an offense has been committed, and committed by the person to be arrested. *Diggs v. People*, 177 Colo. 60, 492 P.2d 840; *People v. Snelling*, 174 Colo. 397, 484 P.2d 784; *People v. Navran*, 174 Colo. 222, 483 P.2d 228; *Lucero v. People*, 165 Colo. 315, 438 P.2d 693, *cert. denied* 393 U.S. 893, 89 S.Ct. 217, 21 L.Ed.2d 173.

Examining the facts known by the officer when he arrested defendant, we find the following. The officer knew that a burglary had been committed, his dispatcher had told him of the burglars' purported return, and when he arrived back at the scene he observed the hasty departure of a man who had been talking with the son-in-law. Flight may legitimately give rise to suspicion, and evidence of flight may be admissible at trial to show consciousness of guilt, *Bernard v. People*, 124 Colo. 424, 238 P.2d 852, but defendant's running, under the circumstances here, was not in and of itself sufficient to justify the arrest.

It is true that *after* arresting and sending the defendant off to the police station in the company of the other officer, the arresting officer returned to the scene to learn that defendant had been observed looking into the front and back windows of the already once-burglarized residence. Though this additional evidence, together with the other known facts, might have been sufficient to sustain a finding of probable cause, it was not acquired until after the arrest, and thus cannot be used after the fact to legitimize the arrest.

## II.

The arrest itself having been invalid, our next inquiry is whether defendant's statements must be excluded from evidence as a "fruit of the poisonous tree." This doctrine has been repeatedly recognized by this court, *e.g., People v. Orf, Jr.*, 172 Colo. 253, 472 P.2d 123. We must therefore determine if defendant's statements were the result of the illegal arrest or whether they were discovered by means sufficiently distinguishable so as to be purged of the primary taint. We conclude that the statements in question flowed directly from the fact of the illegal arrest, and that the trial court properly entered the suppression order.

We agree with the People that all evidence obtained after an illegal arrest is not inadmissible at trial. Indeed, a number of fairly well-recognized exceptions have been carved out of the "fruit of the poisonous tree" doctrine. For example, evidence attributable to an independent

source may be admissible, *Silverthorne Lumber Co. v. United States*, 251 U.S. 385, 40 S.Ct. 182, 64 L.Ed. 319, 24 A.L.R. 1426; *Carpenter v. United States*, 463 F.2d 397 (10th Cir. 1972), *cert. denied* 409 U.S. 985, 93 S.Ct. 337, 34 L.Ed.2d 251. So too may evidence where its connection with the illegality is so attenuated as to dissipate the taint, *United States v. Evans*, 454 F.2d 813 (8th Cir. 1972), *cert. denied* 406 U.S. 969, 92 S.Ct. 2423, 32 L.Ed. 668. Here, we do not find any circumstances to exist which would bring defendant's statements within the foregoing exceptions.

That defendant was given the *Miranda* warnings cannot in itself break the chain of causation between the illegal arrest and the statements in question. *Brown v. Illinois*, 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416. *See also People v. Johnson*, 70 Cal. 2d 541, 75 Cal. Rptr. 401, 450 P.2d 865, 43 A.L.R.3d 366, *cert. denied* 395 U.S. 969, 89 S.Ct. 2120, 23 L.Ed.2d 758.

Ruling affirmed.