MR. JUSTICE HODGES
delivered the opinion of the Court.
This is an interlocutory appeal by the People from a trial court ruling suppressing statements made by defendant Pierce following his arrest without a warrant. He was charged with possession with intent to dispense dangerous drugs and with practicing dentistry without a license. The trial court ruled there was no probable cause for the arrest and suppressed defendant’s statements. We affirm.
The only issue on appeal is whether the trial court erred in suppressing the defendant’s statements to police after his arrest without a warrant. The record indicates the following events led to the arrest.
Detective Laska obtained a search warrant for defendant’s home which he and his partner were attempting to execute when they arrested the defendant. They saw the defendant drive past his home and followed him for several blocks in an unmarked car. Testimony conflicted about whether the defendant might have appeared to be fleeing. After stopping and detaining the defendant, the officers returned him to his home without informing him that he was under arrest. They then showed him the search warrant and asked him to open the door to his home. Neither defendant nor the officers believed that the defendant was free to leave. Defendant made the statements involved here at his home and later, at the police station. There was conflicting testimony about when defendant was notified of his Miranda rights. See Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
In effect, the trial court adopted the defendant’s version of the events which tends to negate the existence of the exigent circumstances needed to justify the warrantless arrest. Although Laska’s investigation uncovered information which supplied probable cause for an arrest warrant, absent exigent circumstances, the warrantless arrest was invalid and the statements resulting from the arrest were properly suppressed. People v. Casias, 193 Colo. 66, 563 P.2d 926; People v. Hernandez, 191 Colo. 554, 554 P.2d 291 (1976); People v. Hoinville, 191 Colo. 357, 553 P.2d 777 (1976). Evidence supports the trial court’s conclusion that the statements resulted from the illegal arrest and that the taint was not purged by *87 giving the defendant Miranda warnings. See Brown v. Illinois, 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975); People v. Bates, 190 Colo. 291,546 P.2d 491 (1976).
We reject the prosecution’s assertion that the pursuit and transportation of the defendant from his car to his home without any investigative purpose could be characterized as a Stone area detention. See People v. Casias, supra, and Stone v. People, 174 Colo. 504, 485 P.2d 495 (1971). The record fails to support the prosecution’s contentions in this respect.
The ruling is affirmed.