## No. 79SA74

### The People of the State of Colorado v. Orlando Baca

(600 P.2d 770)

Decided October 9, 1979.

Dale Tooley, District Attorney, Brooke Wunnicke, Chief Appellate Deputy District Attorney, for plaintiff-appellant.

J. Gregory Walta, State Public Defender, Craig L. Truman, Chief Deputy, John M. Richilano, Deputy, for defendant-appellee.

*En Banc.*

JUSTICE ROVIRA delivered the opinion of the Court.

The People bring this interlocutory appeal, pursuant to C.A.R. 4.1(a), of an order by the Denver District Court granting the defendant's motion to suppress evidence seized incident to a warrantless arrest. We reverse.

Shortly before 12:45 a.m. on August 11, 1978, a Mr. Blakely reported that he saw two Spanish-American males hurriedly leave the apartment complex next to his in the 600 block of Wolff Street. At approximately 12:45 a.m., the Ties Lounge, located less than two blocks away from the apartment house, was robbed by two persons described as Spanish-American males. One of them brandished a gun. The money was placed in a grocery sack, and the robbers fled. Minutes later, Mr. Blakely observed the same two men he had seen before return to the apartment house. One of them was carrying a grocery sack with something jingling which Blakely thought was money. He followed the men to apartment 211. Looking inside, he observed that the contents of the sack — money — had been placed on the floor, and he also saw a gun. He then went to notify the police and met officers Guerin and Alverson, who were searching the neighborhood for robbery suspects. He related the above information

to the police officers who then radioed for assistance, stating that they had located some suspects.

Detective Martin heard three broadcasts concerning this robbery. The first was the initial report of the robbery, which included a general description of the robbers and the fact that one of the men had a gun; the second was a subsequent report which related that the robbers had used a grocery bag to carry the money; the third was Officer Alverson's broadcast that some suspects had been located at the 600 block of Wolff Street.

Detective Martin arrived at the apartment house and talked with both Officer Alverson and Mr. Blakely. Neither told him that a gun was seen in the apartment, although he was aware that the armed robbers had used a gun because of the first broadcast. Martin looked in the apartment window but could see neither the money nor a gun; he saw only a man sitting on a couch.

Martin knocked on the apartment door. A woman answered, and the detective identified himself as a police officer. The woman did not say or do anything in response to Martin's statement that the police wanted to search the apartment because they suspected armed robbers were in there. Concerned for the woman's safety, as well as that of his fellow officers, Martin forcibly pushed the door open. The suspect sitting on the couch was immediately apprehended. The other man was found and arrested in a bedroom by Martin. The bed next to which that suspect was standing was disheveled, and the mattress thereon was awry. Martin looked under the mattress and there found a gun.

The money in the grocery bag, which was found in the livingroom, and the gun were seized at that time and are the subjects of this appeal. The district court granted the defendant's motion to suppress that evidence on two bases: that Martin did not have probable cause to enter the apartment, and that no exigent circumstances existed which justified the warrantless search and seizure.

Two issues are thus raised on this appeal. First, can probable cause be found through the applicability of the "fellow officer rule"? Second, did exigent circumstances exist which justified the warrantless search and seizure?

I.

The first issue concerns the applicability of the fellow officer rule to this case. That rule provides that an arresting officer who does not personally possess sufficient information to constitute probable cause may still make a warrantless arrest if (1) he acts upon the direction or as a result of a communication from a fellow officer, and (2) the police, as a whole, possess sufficient information to constitute probable cause. *People v. Hamilton,* 188 Colo. 250, 533 P.2d 919 (1975); *People v. Nanes,* 174 Colo. 294, 483 P.2d 958 (1971).

■ The rule is applicable to the circumstances of this case. The first requirement is satisfied because Detective Martin acted as a result of three broadcasts from a fellow police officer and from the statement by Officer Alverson that the suspects were in the apartment. The second requirement is met because probable cause was established by the following evidence possessed by the police as a whole: (1) the two suspects had left the apartment shortly before the time of the robbery; (2) the suspects fit the general description of the robbers; (3) one of the suspects had a gun, and a gun was used in the robbery; (4) the stolen money was placed in a grocery sack, and the suspects returned with a sack containing money; (5) the men returned shortly after the robbery.

The district court's ruling on this issue was based on the fact that Detective Martin did not personally possess all of the above information. Such is not required under the fellow officer rule. *People v. Nanes, supra.* As noted above, the two elements of that rule were present in this case. Therefore, we conclude that the police acted with probable cause.

## II.

■ The defendant nevertheless challenges the constitutionality of the search and seizure because the police did not have a warrant. A warrantless search or seizure is justified if exigent circumstances exist which mandate immediate action by the police. *Warden v. Hayden,* 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967).

The facts of *Warden v. Hayden* are similar to those of the instant case. In that case, a man who had robbed a taxi company with a gun was followed and seen entering a house. The police were notified and arrived within five minutes. They immediately entered the house to search for the suspect and the weapon. In commenting on the police behavior, the United States Supreme Court stated:

"They acted reasonably when they entered the house and began to search for a man of the description they had been given and for weapons which he had used in the robbery or might use against them. . . . Speed here was essential, and only a thorough search of the house for persons and weapons could have ensured that Hayden was the only man present and that the police had control of all weapons which could be used against them or to effect an escape."

■ The same rationale justifies the warrantless search and seizure in this case. The speedy apprehension of the suspects and control of all weapons were justified by the circumstances under which the police acted. Since there was probable cause to make the warrantless arrests, the contemporary warrantless search was lawful because of the exigent circumstances. *People v. Mojo,* 173 Colo. 422, 480 P.2d 571 (1971). Accordingly, a search warrant was not required, and the district court erred in suppressing the challenged evidence.

The ruling of the district court is reversed and the cause remanded.