**The PEOPLE of the State of Colorado,
Plaintiff-Appellee,**

v.

**Scott Elliott RAYMER,
Defendant-Appellant.**

No. 77–886.

Colorado Court of Appeals,
Div. III.

Dec. 11, 1980.

Rehearings Denied Jan. 22, 1981.

Certiorari for Appellant Denied
April 6, 1981.

Certiorari for Appellee Granted
April 6, 1981.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, John Daniel Dailey, Asst. Attys., Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Steven H. Denman, Jody Sorenson Theis, Deputy State Public Defenders, Denver, for defendant-appellant.

STERNBERG, Judge.

The defendant, Scott Elliott Raymer, appeals his convictions of felony murder and aggravated robbery. We reverse the conviction of aggravated robbery and remand the cause to the trial court for additional findings regarding the felony murder.

On December 12, 1976, Raymer and two cohorts robbed a self-service gas station. The three men drove up to the pay booth where one of Raymer's companions, armed with a shotgun, demanded and received the cash drawer from the attendant. As they drove away Raymer fired a shot through the pay booth window, fatally wounding the attendant. After a jury trial, he was found guilty of aggravated robbery and felony murder and sentenced to life imprisonment for the first degree felony murder,

and to a term of not less than 36 nor more than 40 years for aggravated robbery.

## I.

Raymer contends that the sentence for the aggravated robbery must be vacated because, for purposes of punishment, the underlying felony of aggravated robbery merged with the felony murder offense. We agree.

Under the felony murder statute, § 18–3–102(1)(b), C.R.S. 1973 (1978 Repl. Vol. 8), if a death is caused in the course of a "robbery" then the perpetrator of the robbery may be convicted of first degree murder. Consequently, conviction of both "robbery" and felony murder arising from the same incident is precluded by the constitutional protection against double jeopardy because the two charges merge. *Brown v. Ohio*, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977); *People v. Hancock*, 186 Colo. 30, 525 P.2d 435 (1974).

Here, however, defendant was convicted of the class 3 felony of "aggravated robbery" under § 18–4–302, C.R.S. 1973 (1978 Repl. Vol. 8), as well as felony murder. Thus, the question is whether "aggravated robbery" also merged in the felony murder offense. If so, Raymer's conviction of aggravated robbery as well as felony murder would be unconstitutional.

If the term "robbery" as used in the felony murder statute means only the class 4 felony defined in the simple robbery statute, § 18–4–301(1), C.R.S. 1973 (1978 Repl. Vol. 8), then "aggravated robbery," not being one of the specified felonies in the felony murder statute, would not be merged in the felony murder. *See Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932); *People v. Rivera*, 186 Colo. 24, 525 P.2d 431 (1974). And, as a consequence, double jeopardy would not bar prosecution for both aggravated robbery and felony murder.

We conclude that aggravated robbery, as well as robbery, merges in a felony murder charge. The crime of robbery is defined in § 18–4–301(1), C.R.S. 1973 (1978 Repl. Vol. 8), and the crime of aggravated robbery is set forth in § 18–4–302(1), C.R.S. 1973 (1978 Repl. Vol. 8). Aggravated robbery is the crime of robbery committed in a particular manner, and subject to greater punishment. *See Atwood v. People*, 176 Colo. 183, 489 P.2d 1305 (1971); *People v. Bartsch*, 37 Colo.App. 52, 543 P.2d 1273 (1975).

Indeed, an anomalous result would follow from an interpretation that robbery is merged in felony murder but aggravated robbery is not. Under such construction, where a death is caused during a simple robbery, the perpetrator could be convicted of first degree murder, without showing deliberation, by prosecution under the felony murder statute. If, however, a death occurred during the commission of the more serious crime of aggravated robbery, then the felony murder statute could not be used as a basis for the homicide prosecution, and the perpetrator could be convicted of first degree murder only if the element of deliberation were established. We believe that no such inconsistent result was intended by the General Assembly, and thus, we reject this interpretation.

Instead, we conclude that the term "robbery," as used in the felony murder statute, is to be construed as meaning this type of felony in its generic sense, including all types of robbery as defined in the statutes. Under such interpretation, any death that results in the course of any type of robbery may serve as a basis for a felony murder conviction, and all such types of robbery are necessarily merged in a felony murder charge. This interpretation is consistent with the underlying purpose of the felony murder statute which is to imply the element of deliberation where the commission of certain crimes of violence result in a death. *See Whitman v. People*, 161 Colo. 110, 420 P.2d 416 (1966).

Because aggravated robbery is merged into the offense of felony murder, Raymer's conviction of the offense of aggravated robbery cannot stand.

## II.

Raymer also contends that a voluntary, incriminating statement he made to

police on the day of his arrest should have been suppressed. Based on the findings of fact and conclusions before us, we cannot determine whether his statement was the product of unnecessary and prejudicial delay in taking him before a judge for advisement of his rights. Therefore, we remand for such further findings as are necessary to determine if a new trial on the felony murder charge is required.

Raymer was arrested at 10:15 a. m. on December 22. Immediately thereafter he was transported to the Adams County Sheriff's substation in Commerce City and from there was driven to the Adams County Jail in Brighton, arriving at about 1:00 p. m. Half an hour later he was taken to the homicide bureau at the Denver Police Department for further questioning. This interrogation led to a confession at about 3:00 p. m. Prior to making his statement to the police, Raymer had been read his *Miranda* rights at least three times, but it was not until 9:30 a. m. on December 24 that he was taken before a judge for advisement of his rights. He now asserts that this delay was both unnecessary, because judges were available in Brighton and Denver to advise him of his rights prior to the questioning which led to the confession, and prejudicial, in that the challenged statement was the only evidence liking him with the robbery and homicide.

Crim. P. 5(a)(1) provides that: "If a peace officer ... makes an arrest ... the arrested person shall be taken without unnecessary delay before the nearest available county or district judge." "A 'necessary delay' is one reasonably related to the administrative process attendant upon the arrest of the accused, *viz.*, delays associated with fingerprinting, photographing, taking inventory of personal belongings, preparation of necessary charging documents and reports, and other legitimate administrative procedures." *People v. Heintze*, Colo., 614 P.2d 367 (1980). Here there is no indication that the only basis for the delay in bringing Raymer before a judge was necessitated by legitimate administrative procedures. Although the delay of nearly two days was found to be routine, it was not determined to be necessary. Consequently, we remand for a finding regarding necessity.

If there is a finding of unnecessary delay, the trial court must next determine if there was prejudice to the accused. The test to be applied is "whether the unnecessary delay contributed to acquisition of the challenged evidence," *People v. Heintze, supra*, not, as Raymer maintains, whether it had a prejudicial impact at trial. In making this determination, especially where, as here, an indigent's rights are at stake, the trial court must consider the following: whether the accused had access to an attorney during the period of the delay and prior to the challenged statement and, also, whether the defendant "freely and knowingly" waived the presence of an attorney. *People v. Heintze, supra*. In finding that Raymer made his statement after "knowing and voluntary" waiver of his right to have an attorney present, the trial court failed to take into account his access to counsel prior to his statement, as *Heintze* requires.

Upon remand, if the trial court determines that there was unnecessary delay in bringing Raymer before a judge for advisement of his rights and that the unnecessary delay reasonably contributed to acquisition of the challenged statement, the trial court shall grant a new trial on the felony murder charge at which the statement shall not be used. Otherwise, the felony murder conviction is affirmed, subject to defendant's right to appeal the trial court's findings on this issue.

Raymer's other contentions of error are without merit.

Accordingly, we reverse the conviction of aggravated robbery and remand the cause to the trial court for additional findings of fact regarding the felony murder conviction.

COYTE and KIRSHBAUM, JJ., concur.