The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Timothy Raymond CALLIS, Defendant-Appellant.

No. 79CA1067.

Colorado Court of Appeals.

Sept. 9, 1982.

Rehearing Denied Dec. 23, 1982.

Certiorari Granted July 11, 1983.

J.D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., William Morris, Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Charles F. Kaiser, Deputy State Public Defender, Denver, for defendant-appellant.

VAN CISE, Judge.

Defendant, Timothy Callis, appeals his jury conviction of felony murder, first degree sexual assault, robbery, and first degree burglary. We affirm.

The prosecution's evidence indicated the occurrence of the following events. On December 14, 1978, Callis spent the morning drinking beer and wine and taking tranquilizers. In the afternoon, he entered the apartment of a 75-year-old woman, placed a blanket over her head and in her mouth,

raped her, and took some of her money, pills, and a clock radio. She died of suffocation.

## I.

■ On the day scheduled for trial, Callis moved for a continuance to permit time to interview two of the prosecution's rebuttal witnesses. He now contends that the trial court's denial of this motion denied his due process rights. We disagree.

The defendant concedes that the district court need not endorse rebuttal witnesses, *Schreiner v. People,* 95 Colo. 392, 36 P.2d 764 (1934), but asserts that the prosecution did not meet its affirmative duty to notify the defense of its rebuttal witnesses under Crim.P. 16(II)(c). However, that rule merely provides that, upon receipt of information concerning the nature of defendant's defense, "the prosecuting attorney shall notify defense counsel of any additional witnesses he intends to call to rebut such defense *within a reasonable time before trial after their identity becomes known.*" (emphasis added)

Here, the prosecution informed the defendant of the identity of the witnesses two weeks after the defendant disclosed his defense, and defense counsel's own investigation revealed that the experts had not yet completed the formulation of their opinion several days before trial. Under these circumstances, the defendant suffered no prejudice, and the trial court did not abuse its discretion in denying the continuance. *See People v. Holcomb,* 187 Colo. 371, 532 P.2d 45 (1975); *People v. Blehm,* 44 Colo.App. 472, 623 P.2d 411 (1980).

## II.

■ When the police questioned Callis at the time of his arrest, he told them his name was Timothy Calhoun. During later questioning at the police station, he stated that his name was Timothy Callis. When the police asked why he had used the other name, Callis replied: "It's just a name I've been going under so the Federal probation officers don't get ahold of me." Callis contends that the admission of this portion of his taped confession was error because it referred to prior criminal conduct. We do not agree. As stated in *Torres v. People,* 149 Colo. 314, 369 P.2d 80 (1962), "This court has repeatedly held that all parts of a pretrial confession, even if they refer to other *crimes,* are admissible in evidence." That is still the law in Colorado.

## III.

Callis was sentenced to life imprisonment for felony murder and to concurrent sentences of forty to fifty years for first-degree sexual assault, thirty to forty years for first-degree burglary, and indeterminate to ten years for robbery. Relying on *People v. Raymer,* 626 P.2d 705 (Colo.App.1981) (*cert. granted,* April 6, 1981), he contends that conviction of both the underlying felony and felony murder arising from the same incident is precluded by the constitutional protection against double jeopardy, and that, therefore, his convictions for first-degree sexual assault, first-degree burglary, and robbery must be set aside. We do not agree.

■ Only one felony is required to support Callis' conviction for felony murder. Section 18–3–102(1)(b), C.R.S.1973 (1978 Repl.Vol. 8). Since the death in this case occurred during the sexual assault, first-degree sexual assault is the felony which underlies the felony murder conviction. Therefore, even if we were to accept the contention that the underlying felony "merges" with the felony murder, as held in *People v. Raymer, supra,* only Callis' conviction of first-degree sexual assault would have to be reversed. The convictions for first-degree burglary and robbery are not affected.

■ However, we are of the opinion that *Raymer* was wrongly decided. There was no "merger" of the underlying sexual assault with felony murder. *See People v. Salas,* 189 Colo. 111, 538 P.2d 437 (1975). The imposition of concurrent sentences for

sexual assault and felony murder, prosecuted in *one* proceeding, *cf. Harris v. Oklahoma,* 433 U.S. 682, 97 S.Ct. 2912, 53 L.Ed.2d 1054 (1977), does not constitute double jeopardy. *See Whalen v. United States,* 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980). Therefore, the conviction for first-degree sexual assault is also affirmed.

Callis' remaining contentions of error are without merit.

Judgments affirmed.

BERMAN, J., concurs.

KELLY, J., concurs in part and dissents in part.

KELLY, Judge, concurring in part and dissenting in part.

I concur with the majority rulings on the denial of the continuance and the admissibility of the taped "confession." As to the third issue, I respectfully dissent.

While I agree with the analysis in cases which have held that the underlying felony is not a lesser included offense of felony murder, *e.g., People v. Berzups,* 49 N.Y.2d 417, 402 N.E.2d 1155, 426 N.Y.Supp.2d 253 (1980); *Waller v. United States,* 389 A.2d 801 (D.C.App.1978), *appeal dismissed,* 446 U.S. 901, 100 S.Ct. 1824, 64 L.Ed.2d 253 (1980), the United States Supreme Court has settled this issue in *Harris v. Oklahoma,* 433 U.S. 682, 97 S.Ct. 2912, 53 L.Ed.2d 1054 (1977). Since *Harris* controls, I would reverse the conviction for sexual assault.

In *Harris,* the defendant was convicted of felony murder and later prosecuted for the robbery which formed the basis for the felony murder. The Supreme Court held that the second prosecution violated the defendant's constitutional protection against double jeopardy. Although the instant case concerns a single prosecution, the double jeopardy principles protecting against multiple punishments are not sufficiently different from the protection against separate prosecutions to justify distinguishing *Harris.* *State v. Innis,* R.I., 391 A.2d 1158 (1978), *vacated on other grounds,* 446 U.S. 291, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980); *Newton v. State,* 280 Md. 260, 373 A.2d 262 (1977). There should not be more protection for a defendant who is doubly prosecuted than for one who is doubly punished for the same offense. *State v. Morgan,* 592 S.W.2d 796 (Mo.1980).

In *Whalen v. United States,* 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980), the Supreme Court interpreted a District of Columbia statute to bar multiple punishment for felony murder and the underlying felony of robbery. While *Whalen* concerned consecutive sentences, concurrent sentences for felony murder and the underlying felony also constitute multiple punishment if the underlying felony is considered a lesser included offense. In Colorado, an erroneous conviction for one offense cannot stand merely because the sentence imposed is concurrent with that imposed for another offense arising out of the same transaction. *Villafranca v. People,* 194 Colo. 472, 573 P.2d 540 (1978). Thus, *Whalen* is not distinguishable solely because Callis was sentenced concurrently.

Since the United States Supreme Court has concluded that the underlying felony is a lesser included offense of felony murder, this court may not reach a different result. Thus, I would follow *People v. Raymer,* 626 P.2d 705 (Colo.App.1981) (*cert. granted* April 6, 1981) and reverse Callis' conviction for first degree sexual assault.