The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Richard G. BANKS, Defendant-Appellant.

No. 79CA1070.

Colorado Court of Appeals,
Div. I.

May 27, 1982.

Rehearing Denied June 24 and
July 8, 1982.

Certiorari Granted Dec. 13, 1982.

J.D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sp. Asst. Atty. Gen., Jeffrey Weinman, Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Margaret L. O'Leary, Deputy State Public Defender, Denver, for defendant-appellant.

PIERCE, Judge.

Defendant, Richard Banks, appeals his convictions of felony murder and aggravated robbery. We reverse the aggravated robbery conviction and affirm the felony murder conviction.

## I.

During an armed robbery by defendant and an accomplice, the accomplice fatally shot a jewelry store owner. Later, an arrest warrant for defendant was issued. The supporting affidavit rested only on defendant's fingerprints having been found on a watch display case in the jewelry store. One and one-half hours after he was arrested and taken to the police station, defendant first made a phone call to his mother and then made a statement to the investigating officers. *Miranda* warnings were given prior to his making the statement.

At a suppression hearing concerning the admissibility of that statement, the trial court determined that the arrest warrant was invalid because the affidavit failed to state sufficient grounds to establish probable cause for defendant's arrest. The court also found, however, that defendant made the statement voluntarily and that it was admissible.

The affidavit recited facts establishing that a crime had been committed. Those facts, however, failed to establish probable cause that defendant committed the offense. *See People v. Saars,* 196 Colo. 294, 584 P.2d 622 (1978). The defendant's fingerprints found on the watch display case only placed him in the jewelry store at some time prior to the robbery, it did not establish that defendant was there at the time of the offense. Hence, the trial court did not err in determining that the facts recited in the affidavit failed to establish probable cause for defendant's arrest.

The trial court further found that although the arrest was made pursuant to an invalid warrant, the taint of that unlawful arrest was dissipated to such an extent that defendant's statement was not a "fruit of the poisonous tree" under the doctrine of *Wong Sun v. United States,* 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). *See also People v. Robertson,* 40 Colo.App. 386, 577 P.2d 314 (1978). Defendant contends that his statement was a fruit of the unlawful arrest and, that the trial court erred by denying his motion to suppress it.

In *Wong Sun,* the Supreme Court while recognizing the applicability of the Fourth Amendment's exclusionary rule to state-

ments by a defendant which are the fruits of an unlawful arrest, focused the inquiry as to the admissibility of statements made subsequent to an illegal arrest on the question of whether the taint of an unlawful arrest had been sufficiently attenuated so that it may be said the statements were, in fact, acts of free will. *See also People v. Bates,* 190 Colo. 291, 546 P.2d 491 (1976). In *Brown v. Illinois,* 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975), the court held that *Miranda* warnings *"alone* and per se cannot always make the act sufficiently a product of free will to break, for Fourth Amendment purposes, the causal connection between the illegality and the confession." (emphasis in original). *See also People v. Madson,* Colo., 638 P.2d 18 (1981). Rather, the court indicated that the following factors are to be scrutinized: (1) whether *Miranda* warnings were in fact given; (2) "[t]he temporal proximity of the arrest and the confession; [(3)] the presence of intervening circumstances; [and (4)] *particularly* the purpose and the flagrancy of the official misconduct." (emphasis supplied) *Brown, supra; see Bates, supra.*

Here, *Miranda* warnings were given to defendant prior to his statement, and he signed an advisement form advising him of his rights. Approximately one and one-half hours transpired between when defendant was arrested and when he made his statement. *See People v. Marioneaux,* Colo. App., 618 P.2d 678 (1980). Defendant requested and was allowed to telphone his mother in private from the police station prior to making his statement. This was an intervening factor which allowed defendant independently to apprise his situation prior to making the statement. *See generally People v. Corbett,* 190 Colo. 388, 547 P.2d 1264 (1976). Finally, the officers arrested defendant in reliance on an ostensibly proper arrest warrant that only later was invalidated.

■ The primary purpose of the exclusionary rule is to deter unlawful police conduct by the exclusion of evidence which is the fruit of that unlawful conduct. *See United States v. Calandra,* 414 U.S. 338, 94 S.Ct. 613, 38 L.Ed.2d 561 (1974); *People v. Harfmann,* Colo., 638 P.2d 745 (1981); *People v. Wolf,* Colo., 635 P.2d 213 (1981). Hence, a major consideration in determining the admissibility of statements obtained pursuant to alleged illegal police conduct is whether the law enforcement officer's conduct was exercised in "good faith," rather than as being purposeful or flagrant misconduct. *See People v. Martinez,* 37 N.Y.2d 662, 376 N.Y.S.2d 469, 339 N.E.2d 162 (1975); *see generally United States v. Janis,* 428 U.S. 433, 96 S.Ct. 3021, 49 L.Ed.2d 1046 (1976); *Brown v. Illinois, supra,* (Powell, J., concurring); *United States v. Williams,* 622 F.2d 830 (5th Cir.1980).

The relevant conduct of the officers here consisted of their reliance on an arrest warrant that was initially determined to be supported by probable cause by an independent judicial officer but was later invalidated. *See People v. Figueroa,* 42 Colo.App. 184, 592 P.2d 19 (1979). Unlike *Dunaway v. New York,* 442 U.S. 200, 99 S.Ct. 2248, 60 L.Ed.2d 824 (1979), and *Brown, supra,* here, the arrest was not an expedition for evidence admittedly undertaken in the hope that something might turn up, but rather was made in good faith pursuant to an ostensibly valid warrant.

■ For the exclusionary rule to have a deterrent effect on police conduct, that conduct must be wilful, or at least negligent. Hence, when, as here, there was no improper police conduct, the exclusionary rule is not applicable since its use would serve no purpose but to deprive the prosecution of reliable and probative evidence. Therefore, since the taint resulting from the illegal arrest was sufficiently attenuated, the court did not err in refusing to suppress defendant's statement.

## II.

When defendant made his statement to the police, a police stenographer took short-

hand notes of the statement and also tape-recorded it. She transcribed the statement from her notes and checked the transcript against the recording. It was her procedure to reuse the tape later in other cases, which had the effect of erasing the prior recording.

Defendant made a pretrial discovery request to listen to and receive a copy of any recorded statements made by defendant. At the time of his request, the recording tape had already been reused, but defendant was provided with a copy of the transcript.

The stenographer during the trial submitted to the trial court an affidavit stating that she had compared her shorthand notes to the transcript and that the transcript was a true and accurate copy of the notes she had taken at the time of defendant's statement. The questioning detective also testified to the accuracy of the transcript in relation to the statement made by defendant.

Defendant argues that the trial court erred by admitting the transcript of defendant's statement because the best evidence, the recording, had been destroyed by the People. We do not agree.

■ Since defendant's trial occurred before the effective date of Colorado Rules of Evidence 1004(1), it does not control. The best evidence rule requires that the best evidence available be presented in lieu of less satisfactory evidence. *McCormick on Evidence* § 230 (E. Cleary 2d ed.1972); *see Bloxsom v. San Luis Valley Crop Care, Inc.,* 198 Colo. 113, 596 P.2d 1189 (1979). Implicit to this rule is that better evidence exists. However, here, the shorthand notes, which were illegible to the jury until transcribed, and the tape recording, were both original evidence of defendant's statement. The transcript was not prepared from the recording which was subsequently destroyed. Rather, as the trial court found, the transcript was prepared directly from shorthand notes taken when defendant made his statement and certified as accurate.

■ Defendant's due process and best evidence arguments are without merit because material evidence of the statement was not destroyed by the People, rather a record of the statement was preserved by an accurate transcript which served as an original of equal dignity with the recording. *See People v. Morgan,* 199 Colo. 237, 606 P.2d 1296 (1980).

III.

Defendant was convicted of first degree felony murder and aggravated robbery. He was concurrently sentenced to life imprisonment for first degree felony murder and to a term of not less than 10 nor more than 15 years for aggravated robbery.

■ Defendant argues that the trial court erred by refusing his tendered instruction that aggravated robbery was an underlying felony of felony murder, and by giving an instruction that the jury could render separate verdicts for felony murder and aggravated robbery. We agree with defendant and reverse the conviction of aggravated robbery.

■ *People v. Raymer,* Colo.App., 626 P.2d 705 (1980) (cert. granted, April 6, 1981) is dispositive. In *Raymer,* this court held that, for the purposes of punishment, aggravated robbery is an underlying felony of felony murder and merges with that offense. The fact that the sentences were made concurrent did not cure the prejudice incurred because of the improper multiple convictions. *See Villafranca v. People,* 194 Colo. 472, 573 P.2d 540 (1978).

We have examined defendant's other contentions of error and find that they were not raised at trial, are not plain error, or are without merit.

We reverse the conviction of aggravated robbery and vacate the sentence for that charge. The conviction for felony murder is affirmed.

COYTE and SMITH, JJ., concur.