**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**Edward Ernell SMITH, Defendant-Appellant.**

**No. 82CA1205.**

Colorado Court of Appeals, Div. II.

April 18, 1985.

Rehearing Denied May 30, 1985.

Certiorari Granted Nov. 12, 1985.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Cynthia D. Jones, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Jody Sorenson Theis, Thomas M. Van Cleave, III, Deputy State Public Defenders, Denver, for defendant-appellant.

VAN CISE, Judge.

Defendant, Edward Ernell Smith, appeals from a judgment of conviction based on a jury verdict entered in April 1982 finding him guilty of second degree kidnapping, aggravated robbery, and second degree assault committed in December 1981, and from the sentence imposing enhanced punishment for a violent crime. We affirm.

I.

On appeal, defendant first contends that the trial court erred in failing to instruct the jury pursuant to § 16–11–309(5), C.R.S. (1978 Repl.Vol. 8) to make "a specific finding" as to whether the defendant "did or did not use, or possessed and threatened to use, a deadly weapon during the commission of such crime...." and in giving the jury a general verdict form rather than special interrogatories on the "crime of violence" count. In support of his contention, he relies on *People v. Grable*, 43 Colo.App. 518, 611 P.2d 588 (1979) (*cert. denied* 1980), which holds that, for purpose of violent crime sentence enhancement, the trial court is statutorily required to "submit special interrogatories ... which elicit the required findings."

Had the trial court failed (1) to instruct the jury on the essential elements of "crime of violence" and (2) to give a separate verdict form or interrogatory as required, it would have committed reversible error. *People v. Thrower*, 670 P.2d 1251 (Colo.App.1983). However, here the court gave separate instructions on the essential elements of each of the three offenses charged, as well as the elements of "crime

of violence." In this latter instruction, the jury was told:

"If you find the defendant guilty of aggravated robbery as charged in count two of the information, you must further determine whether the defendant used, or possessed and threatened to use a deadly weapon during the commission of aggravated robbery.

"The element of crime of violence as charged in count four of the information is therefore:

"Use, or possession and threatened use, of a deadly weapon during the commission of aggravated robbery.

"If after considering all of the evidence, you find that the prosecution has established beyond a reasonable doubt that the defendant, Edward Ernell Smith, acted in a manner so as to satisfy the above element at or about the date and place stated in the information, you should find the defendant guilty of crime of violence, count four of the information. If you do not so find, you should find the defendant not guilty of crime of violence, count four of the information.

"If you find the defendant not guilty of aggravated robbery as charged in count two of the information, you must find the defendant not guilty of count four, crime of violence."

The jury was then given a separate verdict form for this charge, in which it was to find defendant either not guilty or guilty of "crime of violence."

■ The instruction and the verdict form, when read together, leave no room for ambiguity. The effect is the same as the use of special interrogatories. In order to find defendant guilty on this count, the jury had to have specifically found that defendant was guilty of aggravated robbery and that he used a deadly weapon in the commission of that crime. There was no error here.

## II.

Defendant also contends that the trial court erred in denying his motion to suppress evidence seized pursuant to his arrest. He argues that the warrantless entry into his home was supported by neither probable cause nor exigent circumstances. We disagree.

■ Here, the arresting officers followed a set of footprints which led from a vehicle matching the description of the suspect's car (near which an individual matching the defendant's description had been seen) to a house where the officers were met at the door by defendant's mother. She let them in. Once inside, they were told by another resident of the house that defendant had committed the shooting. Defendant then surrendered to police. This evidence was sufficient to establish probable cause for defendant's arrest.

■ As to the question of exigent circumstances, the police here were in pursuit of the suspect in a shooting which had occurred only a few minutes before. Under these circumstances, speedy apprehension of the suspect and seizure of the weapon on which he might use against them or with which the suspect might escape was justified. *See People v. Baca*, 198 Colo. 399, 600 P.2d 770 (1979).

Judgment and sentence affirmed.

BERMAN and BABCOCK, JJ., concur.