Danny W. EVANS, Petitioner-Appellant,

v.

L. John SIMONET, Manager of Safety and Ex-Officio Sheriff of the City and County of Denver, and Mose Trujillo, Warden of the Jail, City and County of Denver, Respondents-Appellees.

No. 84SA450.

Supreme Court of Colorado, En Banc.

May 20, 1985.

---

David F. Vela, Colorado State Public Defender, Michael D. Linge, Deputy State Public Defender, Denver, for petitioner-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Richard H. Forman, Solicitor Gen., Peter J. Stapp, Asst. Atty. Gen., Denver, for respondents-appellees.

ERICKSON, Chief Justice.

The sole issue in this extradition appeal is whether the petitioner, Danny W. Evans, was improperly denied habeas corpus relief because the fugitive complaint upon which he was arrested was not supported by an affidavit or sworn testimony stating facts establishing probable cause to believe that he was a fugitive from another state. We affirm.

The Denver Police Department received teletype information on July 17, 1984, that a warrant had been issued by the New Orleans Police Department for the arrest of Danny Evans. A Denver police lieutenant personally verified that Evans was wanted for first-degree murder in New Orleans and, on July 21, 1984, he sent a teletype to the New Orleans Police Department stating that Evans was in custody in Denver. On the same day, the Denver police received a teletype from the police in New Orleans which confirmed that an arrest warrant for Evans had been issued, specified the warrant number, and stated that a copy of the warrant would be mailed to the Denver police. An information was thereafter executed and sworn to by a Denver police detective charging that the petitioner was a fugitive from the state of Louisiana. The petitioner subsequently challenged the legality of his arrest and detention by means of a petition for writ of habeas corpus. The district court denied habeas corpus relief following a hearing on October 10, 1984. The Colorado governor's warrant was issued on October 18, 1984.

██ The petitioner asserts that his arrest and subsequent detention in Colorado was illegal because the complaint charging him as a fugitive was not supported by a sworn statement disclosing the facts underlying the fugitive charge and the source and reliability of the facts upon which the

information was based. We note that once the governor's warrant was served on October 18, all issues concerning the petitioner's previous arrest and detention became moot. *Schumm v. Nelson,* 659 P.2d 1389 (Colo.1983); *Michaels v. Caldwell,* 646 P.2d 899 (Colo.1982); *Simmons v. Leach,* 626 P.2d 164 (Colo.1981). However, in view of the volume of extradition cases and the delay in the extradition process that is occasioned by an appeal, we address the merits of the petitioner's claim.

Colorado's extradition act authorizes the arrest of any person within this state prior to a formal requisition pursuant to a warrant issued by a judge upon the oath or affidavit of any credible person charging the accused with the commission of a crime in another state and having fled from justice to this state. § 16–19–114, 8 C.R.S. (1978). The act also authorizes a warrantless arrest upon reasonable information that the accused stands charged in the courts of a state with a crime punishable by death or imprisonment for a term exceeding one year. § 16–19–115, 8 C.R.S. (1978). Upon such an arrest, the accused must be brought before a judge with all practicable speed, and a complaint must be filed under oath setting forth the grounds for the arrest. *Id.*

■ The fugitive complaint or information is similar in nature to an information in an ordinary criminal case, and is, in essence, a charging document providing notice to the accused of the nature of the charge filed against him. *See People v. Moore,* 200 Colo. 481, 615 P.2d 726 (1980). While a showing of probable cause is required to sustain a criminal prosecution or an ultimate order of extradition by the executive authority of the state, *see* § 16–19–104, 8 C.R.S. (1978), a statement disclosing the factual basis underlying an information and the source and reliability of the allegations upon which it is based is not required in support of a criminal information or a fugitive complaint under any statutory or constitutional mandate.

■ In our view, a determination that the fugitive complaint was based upon verified information from fellow officers or from another police agency that a warrant had been issued for the arrest of the accused is sufficient to support an arrest and detention prior to the issuance of a formal requisition by the demanding state. *Cf. People v. Freeman,* 668 P.2d 1371, 1377 (Colo.1983) (officer who does not personally possess sufficient information to constitute probable cause may nevertheless make a valid arrest if he acts upon the direction or as a result of a communication from a fellow officer, and the police as a whole possess sufficient information to constitute probable cause). *See also People v. Baca,* 198 Colo. 399, 600 P.2d 770 (1979).

The judgment of the district court is affirmed.